UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC OKAFOR,

Plaintiff,

-against-

NEW YORK STATE INSURANCE FUND, et al.,

Defendants.

24-CV-5680 (JGK) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion to reopen the depositions of two individuals to take additional discovery on his 2025 vacation request, including the approval process and the alleged delay in approval (ECF 92). I held a conference on November 20, 2026. As discussed at the conference, and for the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**, as specified below.

Fact discovery in this case closed on April 17, 2026. On July 28, 2026, the parties stipulated to Plaintiff's filing of a second amended complaint ("SAC"), conditioned on reopening discovery to the limited extent that, other than the parties mandatorily producing any non-privileged documents related to the new factual allegations, (1) with respect to Defendants, any additional discovery requests would relate only to new allegations in the SAC and (2) with respect to Plaintiff, any additional or supplemental depositions would be granted only on a showing of good cause and only stemming from new and relevant information disclosed by Defendants in their productions in response to the new allegations in the SAC. (*See* ECF 81, Stip.)

Paragraph 10 of the Stipulation states:

> Plaintiff will not seek additional or supplemental depositions based on the Second Amended Complaint or information already known from prior discovery. If Plaintiff believes, based upon good cause, that additional deposition time is necessary based on new relevant facts disclosed through the portion of the employee handbook that states that an employee's properly submitted written or email request for use of accrued vacation identified in ¶ 4 and ¶ 5, the parties will meet and confer in good faith regarding the request. If the parties are unable to resolve the dispute after meeting and conferring, Plaintiff reserves all rights to seek appropriate relief from the Court.

(*Id.* ¶ 10.)[1]

Plaintiff argues that it seeks to reopen the depositions because, after the depositions of the individuals and in response to the SAC, Defendants produced documents and responses to RFAs that included new information relevant to Plaintiff's claims about his 2025 vacation request. (*See* ECF 92, Pl.'s Letter-Mot. at 2-3.) In particular, Plaintiff argues that his department head, Mr. Wertheim, previously testified that he was not aware of the policy of responding to vacation requests within five workdays and that newly produced material reflects that Plaintiff's vacation request was forwarded to him; that he was not out of the office during the relevant period; that Plaintiff followed up; and that department-head approval remained outstanding more than five days later, on November 26, 2025. (*See id.* at 3.) Plaintiff also highlights that after the original depositions, Defendants responded to RFAs, "articulat[ing] a specific interpretation of the applicable approval procedure, invoking Article 12.7 (b) of the Collective Bargaining agreement." (*Id.*) Plaintiff wishes to question Mr. Wertheim about the timing of his review of the request, including his delayed approval even after follow-up by

---

[1] Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

Plaintiff; and about the interpretation of the approval policy described in the RFA responses. (*See id.*)

Plaintiff argues that with regard to the second individual, his supervisor, Mr. Miliano, "[l]ater disclosures require focused questions concerning when Mr. Miliano regarded his own approval as complete, how and when he routed the request, what he understood about the successive approval periods, and the basis of the November 26 statement that final approval remained pending." (*Id.*)

In support of these requests, Plaintiff cites cases holding that a deposition may be reopened based on later-produced documents. *See, e.g., Norton v. Town of Islip*, No. 04-CV-3079 (PKC) (SIL), 2019 WL 4194271, at *10-11 (E.D.N.Y. Sept. 4, 2019) (authorizing a two-hour renewed deposition on newly identified document-handling issues); *Cedars-Sinai Med. Ctr. v. Ray*, No. 19-MC-129 (PAE), 2019 WL 2420045, at *4-5 (S.D.N.Y. June 10, 2019) (permitting additional testimony following belated document production and explaining that that prior questions on a subject did not make renewed inquiry cumulative where counsel had lacked the pertinent documents when first examining the witness); *Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-CV-5475 (JS) (AKT), 2016 WL 1180194, at *4-5 (E.D.N.Y. Mar. 25, 2016) (allowing questioning confined to specified documents produced after the initial deposition); *Sentry Ins. v. Brand Mgmt. Inc.*, Nos. 10-CV-347, 11-CV-3966, 2012 WL 3288178, at *7-8 (E.D.N.Y. Aug. 10, 2012) (reopening a deposition for the sole purpose of questioning the deponent about documents he produced after his first deposition and about how the new documents compared to the existing record). Plaintiff acknowledges that a deposition will not

be reopened when the party seeking additional discovery cannot identify genuinely new facts. (*See* ECF 92, Pl.'s Letter-Mot. at 4.)

Defendants counter that their August 2026 supplemental document production contained no new relevant information that provides good cause for reopening the depositions. Defendants describe the supplemental production as containing "additional versions of email chains already produced on [vacation policies and the 2025 vacation request] and documentation showing which days Mr. Wertheim was out of the office in November 2025"; likewise, Defendants say that their new RFA responses "merely confirmed information already provided through emails, handbooks or deposition testimony prior to the SAC." (ECF 94, Defs.' Opp. at 3.) Defendants conclude that "Plaintiff is simply seeking a chance to go back and expand the questions he already asked and ask questions he missed asking the first time." *Id.*

In support of their position that Plaintiff has not justified reopening the depositions, Defendants cite cases for the proposition that where a party had information about the topics for a proposed reopened deposition before the original deposition, there is no basis to reopen because the party already had the opportunity to ask questions on those topics. *See, e.g.*, *Lyons v. N. Y. Life Ins. Co.*, No. 20-CV-3120 (PAE), 2021 WL 2981586, at *1-2 (S.D.N.Y. July 15, 2021) (denying request for reopening of depositions after 40,000-page production because the plaintiff failed to identify specific new topics for questioning); *U.S. v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114-15 (S.D.N.Y. 2017) (holding that the Court can "deny a second deposition even if relevant documents are produced subsequent to the [first] deposition if the party taking the deposition either failed to request those documents in timely fashion or chose to conduct the deposition prior to the completion of document discovery"); *CBRE, Inc. v. Pace Gallery of N.*

*Y., Inc.*, No. 17-CV-2452 (ALC), 2019 WL 13148708, at *2 (S.D.N.Y. Nov. 25, 2019) (denying requested reopening of deposition after a later document production because the defendants had emails putting them "sufficiently on notice," so that the later production did not provide "new information"); *The Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254 (SHS) (OTW), 2019 WL 1533212, at *2 (S.D.N.Y. Apr. 9, 2019) (second deposition is generally allowed only where the deposing party was obstructed, or where new information arose that "would have affected the questioning at the initial deposition"); *Thompson v. Spota*, No. 14-CV-2473 (JMA) (AKT), 2017 WL 1155799, at *4 (E.D.N.Y. Mar. 27, 2017) (denying requested reopening of deposition based on post-deposition document production where the new documents "only amplified the basic information which was obtained during these depositions" and thus was not "new").

Having heard argument from the parties and having reviewed the deposition exhibits, excerpts of deposition transcripts, and RFA responses submitted by the parties, I conclude that with respect to the newly produced documents, Defendants have the better of the argument. Prior to the depositions, Plaintiff had versions of the email chains produced in August as well as the vacation policy itself. While Plaintiff did not have Mr. Wertheim's vacation records, he had no reason to believe that Mr. Wertheim was out of the office while Plaintiff's approval request was pending, and nothing stopped Plaintiff from questioning Mr. Wertheim about this issue or further questioning him at the original deposition about the reasons for the delayed approval of Plaintiff's vacation request. As such, the information produced in August was not genuinely new information and therefore does not warrant reopening either the deposition of the Wertheim deposition or the Miliano deposition.

I reach a different conclusion with respect to Defendants' response to RFA 6, in which Defendants first identified a so-called successive approval procedure under which each approving person had five days to make a decision. While Defendants are correct that Plaintiff had the policy itself, their interpretation of the policy is not self-evident, and Plaintiff would not necessarily have had independent knowledge of the interpretation. Defendants argue that Plaintiff could have included this topic in his Rule 30(b)(6) deposition request, but without the response to RFA 6, it is unclear how Plaintiff would have known to include the two-tier nature of the approval process in the Rule 30(b)(6) notice. Plaintiff should have the opportunity to question Mr. Wertheim about the policy, since under Defendants' interpretation of the policy he (but not Mr. Miliano as the first level of approval) would have an additional five days to approve the vacation request.

Accordingly, the motion to compel (ECF 92) is **GRANTED IN PART**, in that Defendants are **ORDERED** to make Mr. Wertheim available remotely for an additional **30 minutes** of questioning on the record, with the questioning limited to questions about Defendants' response to RFA 6; and the motion to compel is **DENIED IN PART**, in that Plaintiff may not question Mr. Wertheim further on the reasons for his delay in approving Plaintiff's vacation request, and in that the request to reopen the deposition of Mr. Miliano is denied. The continued deposition shall be completed on or before **December 4, 2026**, and the fact discovery deadline is extended nunc pro tunc through that date, but only for the limited purpose of completing the reopened Wertheim deposition.

The Clerk of Court is respectfully requested to terminate ECF 92.

Dated: November 20, 2026
New York, NY

SO ORDERED,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**